Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered January 13, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.
It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the period of post-release supervision and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for further proceedings in accordance with the following memorandum: On this appeal by defendant from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), the People correctly concede that the period of postrelease supervision imposed by County Court must be vacated because the court “misapprehended its sentencing discretion with respect to that period” (People v Britt, 67 AD3d 1023, 1024 [2009], lv denied 14 NY3d 770 [2010]; see People v Trott, 105 AD3d 1416, 1417-1418 [2013], lv denied 21 NY3d 1020 [2013]; People v Wilkins, 104 AD3d 1156, 1157 [2013], lv denied 21 NY3d 1011 [2013]). The record demonstrates that, during the plea colloquy, the court informed defendant that the minimum period of postrelease supervision for the crime to which he pleaded guilty, a class C violent felony offense {see § 70.02 [1] [b]), was five years when, in fact, the minimum period is years {see § 70.45 [2] [f]). We therefore vacate the period of postrelease supervision and remit the matter to County Court for “reconsideration of the length of that period and the reimposition of a period of postrelease supervision thereafter” {Britt, 67 AD3d at 1024).
Present — Smith, J.P, Fahey, Lindley, Sconiers and Valentino, JJ.